Frank Moniz
Fed. Reg. No. 14384-006
Federal Correctional Institution
P.O. Box 5000
Sheridan, Oregon 97378-5000

**RECEIVED**

**MAY 2 2 2006**

**CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA**

UNITED STATES COURT OF APPEALS
SAN FRANCISCO, CALIFORNIA

FRANK MONIZ,            )   Case No. A01-0151-07
      Petitioner,    )
                        )
v.                      )   **NOTICE OF APPEAL AND APPLICATION**
                        )   **FOR CERTIFICATE OF APPEALABILITY**
UNITED STATES OF AMERICA, ) **PURSUANT TO F.R.Ap.P RULE 4(a)**
      Respondent.    )   **AND 28 U.S.C. § 2253(c). ALSO**
_____)   **CIRCUIT RULE 22-1(d)**

    COMES NOW, Frank Moniz, hereinafter Mr. Moniz, acting Pro Per, and respectfully submits this notice of appeal and foregoing Application for Certificate of Appealability (COA). Mr. Moniz asks this Honorable Court to take this case liberally. See, **Haines v. Kerner, 404 U.S. 519, 30 L.Ed.2d 652, 92 S.Ct. 594 (1972)**.

### BACKGROUND

    Mr. Moniz was charged with one count of Conspiracy in violation of 21 U.S.C. §§ 846 and 841(a)(1), Count 1, and one count of trafficking in narcotics (five grams or more of a substance containing cocaine base), Count 16, September 10, 2001, and one count of trafficking (a detectable amount of cocaine base), Count 21, September 26, 2001, and was acquitted on the first trafficking charge, Count 16. After finding Mr. Moniz a "minor participant" and granting

-1-

him a two-level downward adjustment, the Court sentenced Mr. Moniz to 130 months, followed by five years supervised release.

Mr. Moniz filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Docket #522. On September 15, 2004, the Court appointed Joe Josephson as CJA for Mr. Moniz, Docket #530. On April 12, 2006, the District Court denied Mr. Moniz' § 2255, Docket #597.

According to the Circuit Rule 22-1(d), Mr. Moniz has thirty-five (35) days to file a (COA), and because Mr. Moniz' lawyer, Joe Josephson, is being non-responsive as to whether he'll file a (COA) to the Circuit Court or not, Mr. Moniz is filing this motion <u>Pro Per</u>. The instant Notice and Application is therefore timely. According to the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2253(c), Mr. Moniz will, therefore, address his claims.

**I. Did The Sentencing Court Err By Not Resolving The Objection Made By Mr. Moniz Regarding The Pre-Sentence Report?**

Within the PSR the Government used two (2) drug amounts while considering the base offense level for Moniz (45.9 grams of cocaine base "crack"), which relate to Count 16, September 10, 2001, and should **not** have been considered because Mr. Moniz was found **not guilty** by a **jury** of Count 16, September 10, 2001, and added (283.5 grams of cocaine base) to Count 21, September 26, 2001, which was found **not** "relevant" at sentencing by the Court. (See PSR base offense level, page 3) which reads:

> The U.S. Sentencing Commission guidelines
> for a violation of **21 U.S.C. § 841(a)(1)**
> and **846** is found in the **U.S.S.G. § 2D1.1**.

> The base offense level is based on the conduct in the count of conviction, as well as any **"relevant conduct"** shown to the preponderance of the evidence standard. **U.S.S.G. § 1B1.3** in this case shows the amounts of cocaine from the count of conviction and **"relevant conduct"** are taken from specific dates as detailed in the attachment A and are as follows:
>
> | Date | Amount |
> |------|--------|
> | 9-10-01 | 45.9 grams of cocaine base |
> | 9-26-01 | 283.5 grams of cocaine base |
>
> The base offense level for 32,940 grams of cocaine powder is 34. **U.S.S.G. 2D1.1(c)(3).**

Mr. Moniz objected to the drug amount being used in the determination of the base offense level, by the Government for sentencing purposes. (See addendum to the PSR, page 1). On the addendum Mr. Moniz specifically **objected** to the 45.9 grams of cocaine base, associated with September 10, 2001, and pointed out that it could **not** be counted because it relates to Count 16, September 10, 2001, the **"not guilty"** count.

The earliest date the Government can show Mr. Moniz entered the conspiracy is September 26, 2001, Count 21, where only 276.7 grams of cocaine powder can be attributed against him. (See Trial Index, Exhibit A-B).

The Government's analysis to Mr. Moniz' objection clearly ignores the fact that any drugs sold **prior** to Mr. Moniz joining the conspiracy **cannot** be included as "relevant conduct" in determining the base offense level. (See Guidelines Manual, page 19, November 1, 2002, **§ 1B1.3**, which reads in part:

> **U.S.S.G. § 1B1.3**
>
> A defendant's relevant conduct does not

-3-

> include the conduct of members of a conspiracy prior to the defendant joining the conspiracy, even if the defendant knows of that conduct. (e.g., in the case of a defendant who joins an on-going drug distribution conspiracy knowing that it had been selling two kilograms of cocaine per week, the cocaine sold prior to the defendant joining the conspiracy is <u>not</u> included as relevant conduct in determining the defendant's offense level).

Mr. Moniz would contend that it was **plain error** for the Government to use the drug amount from September 10, 2001, Count 16, the **not guilty** count in their analysis. Therefore, Mr. Moniz should be resentenced.

> II. **Did The Sentencing Court Sentence Mr. Moniz Erroneously To The Wrong Drug Quantity And Applied The Wrong U.S.S.G.?**

Mr. Moniz has two conviction counts (Counts 1 and 21), and one acquitted count by a jury (Count 16). Count 1 being conspiracy in violation of **21 U.S.C. § 846** and Count 21 being in violation of **21 U.S.C. § 841.** (See Docket #63-1, Counts 1-S, 16-S, 21-S).

Mr. Moniz would contend that **21 U.S.C. § 846** does **not** carry a sentence within itself. (See **21 U.S.C. § 846** which reads):

> Any person who attempts or conspires to commit any offense defined in this chapter or subchapter <u>shall</u> be subjected to the <u>same</u> penalties as those prescribed for the offense, the commission of which was the object of the attempt or the conspiracy.

Therefore, **21 U.S.C. § 846** would rely upon those penalties prescribed in **21 U.S.C. § 841** for sentencing purposes.

At trial, the Government presented instructions to the jury as to what conspiracy is, and gave the Pinkerton theory as to the finding of fact. (See Jury Instruction #22), which reads in part:

> If you decide that the defendant was a member
> of the conspiracy, that defendant is respon-
> sible for what the other conspirators said or
> did to carry out the conspiracy, **after he
> joined the conspiracy**, even if the defendant
> did not know what they said or did.

Because the jury acquitted Mr. Moniz of Count 16, September 10, 2001, he cannot be liable for Count 16. Thus, making the earliest date Mr. Moniz could have possibly entered the conspiracy, September 26, 2001, Count 21, and at the time of sentencing, July 11, 2002, the sentencing guidelines were mandatory, and aided the courts on how to sentence a defendant in the case of a conspiracy. (See November 1, 2002 Guidelines Manual, page 19, 1B1.3, which reads in part:

> A defendant's relevant conduct does not in-
> clude the conduct of members of a conspiracy
> prior to the defendant joining the conspiracy,
> even if the defendant knows of that conduct.
> (e.g., in the case of a defendant who joins
> an on-going drug distribution conspiracy know-
> ing that it had been selling two kilograms of
> cocaine per week, the cocaine conspiracy is
> **not** included as relevant conduct in determin-
> ing the defendant's offense level).

Thus, meaning the Court should have established the determination by the jury and sentenced accordingly.

At sentencing, the Court made some preliminary remarks when turning to the drug quantity. (See ST, pages 4 and 6), which reads in part:

> First, I would note at the outset that the
> conviction on Count (1) exposes Mr. Moniz to
> a sentence of not less than (10) years nor
> more than life in prison under **21 U.S.C. §
> 841(b)(1)(A)**. This means that the determin-
> ation of additional drug quantities need not
> be made by a jury; **Apprendi** does not apply.

Mr. Moniz would contend that this preliminary remark was of

-5-

"plain error" because he was never found guilty of **21 U.S.C. § 841(b)(1)(A)**. In fact, the jury found Mr. Moniz guilty of **21 U.S.C. § 841(b)(1)(C)** or **detectable amount**, which carries **no** mandatory minimum, and **Apprendi** should have applied. (See, **United States v. Plancarte-Alvarez, 366 F.3d 1058 at 1061 (9th Cir. 2004)**. In the calculation of **Plancarte-Alvarez'** base offense level under the **U.S.S.G.**, the PSR added the weight of marijuana involved in the (March 19, 2002 incident), Counts 1 and 2 that had been dismissed, to the weight of marijuana involved in the (May 28, 2002 incident), the conviction Counts 3 and 4 pursuant to **U.S.S.G. § 1B1.3** (relevant conduct). The resulting base offense level was (22). At sentencing, after hearing argument on the **Apprendi** issue, the court ruled in favor of **Plancarte-Alvarez**, based on the weight of drugs involved in the (May 28th incident) only, and the base offense level was determined to be (18).

The Court sentenced Mr. Moniz incorrectly to 130 months with a mandatory minimum of 10 years, and found the base offense level to be (32), Category III. The **true** guideline range should have been (20), Category III, with a two-point reduction for minor role, which now becomes a base offense level (18), Category III, and a sentence between 31-44 months.

Mr. Moniz would contend that he is post-**Apprendi** and pre-**Blakely**, just like **Plancarte-Alvarez**, therefore the **Apprendi** issue should have applied to Mr. Moniz at sentencing. However, the district court denied this **issue** on the ground that the **jury** found the conspiracy involved more than 50 grams of cocaine base, and that Mr. Moniz distributed 50 grams or more of cocaine base,

-6-

crack. (See Docket #597, page 3 of 9).

Though Mr. Moniz does not have the trial transcripts of Volume 5, which is the actual jury verdict, Mr. Moniz would contest that the jury should not have found Mr. Moniz to be reliable of 50 grams of cocaine base, because there was not 50 grams or more entered into exhibit, or proven beyond a reasonable doubt, from the time Mr. Moniz entered the conspiracy until the time the conspiracy ended (as stated above). Also, Count 1 of the first superseding indictment does not only list 50 grams or more of cocaine base, in fact it lists to cover every overt act in the indictment. See first superseding indictment, which reads as follows:

### FIRST SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### CONSPIRACY COUNTS

#### COUNT 1

Beginning at least on or about January 22, 2001, and continuing to on or about October 30, 2001, both dates being approximate and inclusive, within the District of Alaska, the defendants, EST-ARLIN NOLASCO, a.k.a. Gustavo Luis Ayende, a.k.a. Ramon Serrano-Hernandez, ALEX TEJADA, ALEX CONTRERAS, LENNY URENA, ANGEL TEJADA, MOISES CARO RAMOS, FRANK MONIZ, OLIVER UBIERA-MALENO, and MICHAEL JOE D. DAVIS, did unlawfully and knowingly combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to commit the following offense against the United States, to wit:

    To manufacture, to distribute, and to possess

-7-

with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II controlled substance, in violation of Title 21 United States Code Section 841(a)(1) and 841(b)(1)(A);

To manufacture, to distribute, and to possess with intent to distribute 5 grams or more of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II controlled substance, in violation of Title 21 United States Code Sections 841(a)(1) and 841(b)(10(B);

To manufacture, to distribute, and to possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II controlled substance, in violation of Title 21 United States Code Sections 841(a)(1) and 841(b)(1)(C);

To distribute and to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21 United States Code Sections 841(a)(1) and 841(b)(1)((B);

To distribute and to possess with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21 United States Code Sections 841(a)(1) and 841(B)(1)(C); and

To use communications facilities, such as telephones, cellular phones, and pagers to cause and facilitate the commission of acts constituting felonies under Title 21 United States Code, specifically, the distribution and possession of cocaine and cocaine base with intent to distribute, in violation of Title 21 United States Code, Section 843(b).

Therefore, Mr. Moniz would **contest** that the Court should only sentence according to the "relevant conduct" as defined

in 1B1.3 supra.

    Dated this  16  day of May, 2006.

                                Respectfully submitted,

                                */s/ Frank Moniz*
                                FRANK MONIZ, Petitioner Pro Per
                                Fed. Reg. No. 14384-006
                                Federal Correctional Institution
                                P.O. Box 5000
                                Sheridan, Oregon 97378-5000