Frank Moniz
Fed. Reg. No. 14384-006
Federal Correctional Institution
P.O. Box 5000
Sheridan, OR 97378-5000



RECEIVED
MAR 03 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff, | Case No. A01-0151-07 |
| v. | **MOTION IN SUPPORT OF 18 U.S.C. § 3582(c)(2)** |
| FRANK MONIZ,  Defendant. | |

COMES NOW the Defendant, Frank Moniz, Pro se, hereinafter Mr. Moniz, pursuant to 18 U.S.C. § 3582(c)(2), and asks this Honorable Court to take his case liberally. See, **Haines v. Kerner**, 404 U.S. 519, 30 L.Ed.2d 652, 92 S.Ct. 594 (1972) and **United States v. Seesing**, 234 F.3d 456 (9th Cir. 2000).

### BACKGROUND

On November 2, 2001, Mr. Moniz was arrested in Anchorage, Alaska. On May 14, 2002, trial began and on May 17, 2002, a jury found Mr. Moniz guilty on two counts ... Count 1, Conspiracy, in violation of 21 U.S.C. § 846, and Count 21, Possession With Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Mr. Moniz was also acquitted of one count, Count 16, Possession With Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). On July 11, 2002, Mr. Moniz was sentenced to a term of 130 months, five years supervised release, and a $200.00 fine.

## ARGUMENT

**DOES MR. MONIZ QUALIFY FOR A TWO-POINT OFFENSE LEVEL REDUCTION?**

Due to the reduction in term of imprisonment as a result of amended guideline range § 1B1.10 by the Sentencing Commission, Mr. Moniz contends that he is qualified for a reduction of sentence because the jury found him guilty of 50 grams of cocaine base "crack" when finding him guilty for Conspiracy, Count 1. [1/] Mr. Moniz relies on the statutory text set out in 18 U.S.C. § 3582(c)(2) which provides:

> (c) Modification of an imposed term of imprisonment. The court may not modify a term of imprisonment once it has been imposed except that -
>
> (2) In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent that they are applicable if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

At the time of sentencing, Mr. Moniz was found to have an offense level of 32 and a Criminal History Category of 3. [2/] However, Mr. Moniz was given a two-point reduction for a minor role. See, (ST) pg. 19, which resulted in an offense level of 30 and a Criminal History Category of 3 (121-151 months). The U.S.S.G.

---

[1/] See Trial Transcripts hereinafter (TT) pg. 5-9.

[2/] See Stntencing Transcripts, hereinafter (ST), pg. 19. Also on said page it appears to have a typo, because the (ST) states level 34 which is incorrect. The base offense level for 50 grams of cocaine base "crack" is 32. See United States Sentencing Guidelines, hereinafter (U.S.S.G.) 2D1.1(c)(4).

§ 1B1.10(b)(1) states, in part:

> ...a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted. The court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced...

Therefore, Mr. Moniz' original offense level would now be 30 (121-151 months), and with the two-point reduction given by the Court for the minor role would result in an offense level of 28 (97-121 months). Mr. Moniz would also contend that **Booker** [3] would apply at re-sentencing.[4] Mr. Moniz is not arguing that he deserves a § 3582(c)(2) re-sentencing because of **Booker** because his entitlement is based on 18 U.S.C. § 3582(c)(2), only because the Sentencing commission lowered the applicable sentencing range. In **Booker**, the court stated that the district courts are "not bound to apply the guidelines," **Id. at 264,** thus making them advisory and not mandatory. Mr. Moniz further contends that his new offense level of 28 would be appropriate even though it falls under the mandatory minimum provided by 21 U.S.C. § 841(b)(1)(A) because a "mandatory system is no longer an open choice." See, **Booker, Id. at 263, 125 S.Ct. 738.** In the **Hicks** case, the court found that **Booker** "provides a constitutional standard which courts may not ignore by treating guideline ranges as mandatory in any context." **Id. at 1173,** therefore, allowing the courts to proceed through the now advisory system.

---

[3] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

[4] See, United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007).

-3-

## CONCLUSION

Consequently, Mr. Moniz prays this Honorable Court will rule in favor of Defendant, and doing so within the text put forth by Defendant. Mr. Moniz would like to point out, for the Court's acknowledgement, that since his incarceration he has achieved many accomplishments. Mr. Moniz has completed his GED in December, 2006; completed the PLATO PARENTING PROGRAM in June, 2004; completed the MAVIS BEACON TEACHES TYPING CLASS in November, 2006; completed the BUILDINGS AND TRADES PROGRAM in September, 2007; completed the NATIONAL FITNESS PERSONAL TRAINERS (NFPT) COURSE in February, 2008, and has been certified in CPR in February, 2008. Mr. Moniz has put forth a lot of effort toward becoming an integral part of society and has utilized his time wisely during his incarceration, and PRAYS this Court will take into account these achievements when considering its decisions.

Dated this 3 day of March, 2008.

Respectfully submitted,

_Frank Moniz_
FRANK MONIZ
Defendant Pro Se

## VERIFICATION

I, Frank Moniz, hereby declare under penalty of perjury that the facts stated in the foregoing **MOTION IN SUPPORT OF 18 U.S.C. § 3582** are true and correct to the best of my knowledge.

Dated this 3 day of March, 2008.

_Frank Moniz_
FRANK MONIZ
Defendant Pro Se

-4-

## CERTIFICATE OF SERVICE

I, Frank Moniz, hereby certify that on this __3__ day of __March__, 2008, I had a true and correct copy of the foregoing **MOTION IN SUPPORT OF 18 U.S.C. § 3582** hand-delivered to the following individual:

**CLERK OF THE COURT**
Federal Building, U.S. Courthouse
222 West 7th Avenue, Box 4, Room 229
Anchorage, AK 99513-7564

and a true and correct copy mailed to the following individual:

**TIMOTHY M. BURGESS**
United States Attorney
U.S. Department of Justice
Federal Building/U.S. Courthouse
222 West 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567

by U.S. Postal Service, postage prepaid, on this __3__ day of __March__, 2008.

_____
FRANK MONIZ
Defendant Pro Se

-5-